UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Charles Sumner Scott, IV

    v.                                  Civil No. 18-cv-26-JD
                                         Opinion No. 2018 DNH 181

Nancy A. Berryhill, Acting
Commissioner, Social Security
Administration


O R D E R

Pursuant to 42 U.S.C. § 405(g), Charles Scott seeks judicial review of the Acting Commissioner's decision denying his applications for social security benefits under Titles II and XVI. In support, Scott contends that the Administrative Law Judge ("ALJ") erroneously evaluated the medical opinion evidence and erroneously evaluated Scott's testimony about his symptoms and limitations. The Acting Commissioner moves to affirm.

Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's

factual findings as long as they are supported by substantial evidence. § 405(g). Substantial evidence is "more than a scintilla of evidence" but less than a preponderance. Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018). The court must affirm the ALJ's findings, even if the record could support a different conclusion, as long as "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted); accord Purdy, 887 F.3d at 13.

## Background

The parties' joint factual statement begins in December of 2012 when Scott injured his back at work. The day after the injury he saw Dr. Glen Crawford who reported Scott's description of his pain. The factual statement includes examination notes made by Dr. Henry Pallatroni in July and August of 2013 that addressed Scott's back pain. Although the ALJ discusses additional medical treatment with other providers, that information is not included in the joint statement.

Scott had a mental consultative examination, done by Sandra Vallery, Ph.D., in October of 2013, and Scott placed in the range of no cognitive impairment. State agency psychologist

Laura Landerman, Ph.D., provided a function-by-function evaluation of Scott's abilities in November of 2013, finding mild to moderate limitations. Dr. Vallery did another mental consultative examination in April of 2017 when she found more limitations than found in 2013.

In November of 2013, Dr. Louis Rosenthall, a state agency physician, reviewed Scott's records and provided a function-by-function evaluation of Scott's abilities. Dr. Rosenthall found that Scott could occasionally lift and carry twenty pounds and could frequently lift and carry ten pounds. Although a cane was necessary for walking, Scott could stand, walk, or sit for six hours in a work day. He could occasionally do postural activities and had to avoid exposure to hazards. Dr. Rosenthall found no limitations in his manipulative, visual, or communicative abilities.

Scott also had a physical examination in April of 2017 by William Kirmes, D.O. He found that Scott expressed an inordinate amount of pain for the situation and did not give full effort on examination. Based on the examination results, Dr. Kirmes indicated on a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" form that Scott could not lift up to ten pounds, could sit for two hours at a time, three hours total; stand or walk for one hour at a time, two

hours total in an eight-hour workday.  He could occasionally reach and had no limitations on his ability to use his hands.  Dr. Kirmes left the section in the form blank that asked for medical or clinical findings to support his evaluation.

A hearing was held before an ALJ on May 23, 2017.  Scott was represented by an attorney and testified at the hearing.  A vocational expert also testified.

The ALJ issued his decision on June 28, 2017.  The ALJ found that Scott had severe impairments of degenerative disc disease of the lumbar spine, depression, anxiety, and panic disorder with agoraphobia.  Based on the record, the ALJ found that Scott had the residual functional capacity to do light work with added restrictions that he be allowed to alternate between sitting and standing, he could only occasionally do postural limitations, he would need to avoid hazards and extreme temperatures, he could perform only simple, routine, and repetitive tasks and would have only occasional interaction with the public, coworkers, and supervisors.  The ALJ then found that Scott could do certain jobs identified by the vocational expert, and as a result, was not disabled.  The Appeals Council denied his request for review.

Discussion

In support of his motion to reverse and remand, Scott contends that the ALJ erroneously weighed the opinion evidence and improperly evaluated his testimony about his symptoms and limitations in light of SSR 16-3p. The Acting Commissioner moves to affirm. Because the ALJ's reliance on Dr. Rosenthall's assessment requires reversal, other issues need not be addressed.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Medical opinions are evaluated based upon the nature of the medical source's relationship with the claimant, the extent to which the source provides evidence to support the opinion, the extent the opinion is consistent with other evidence in the record, the specialization of the medical source, and other factors including the understanding the source has of the social security system. § 404.1527(c).

An ALJ may rely on the opinions of state agency consultant medical sources based on the same factors used to evaluate other medical opinions. Ledoux, 2018 WL 2932732, at *4. On the other

hand, an opinion of a reviewing consultant does not provide substantial evidence to support an ALJ's findings if it is based on a "significantly incomplete record." Alcantara v. Astrue, 257 Fed. Appx. 333, 334 (1st Cir. 2007); Padilla v. Barnhart, 186 Fed. Appx. 19, 21 (1st Cir. 2006); Avery v. Acting Comm'r, Social Security Admin., 2018 WL 2376507, at *4 (D.N.H. May 24, 2018). A record is not significantly incomplete as long as the new or later evidence does not support greater limitations or is arguably consistent with the earlier assessment by the consultant. Giandomenico v. Acting Comm'r, Social Security Admin., 2017 WL 5484657, at *4 (D.N.H. Nov. 15, 2017). "The ALJ bears the burden of determining and explaining whether missing evidence is material to assessing the claimant's limitations." Avery, 2018 WL 2376507, at *4.

In this case, the ALJ adopted the residual functional capacity assessment by the state agency physician, Dr. Rosenthall, except that the ALJ added limitations based on "the record as a whole." The ALJ gave only "partial weight" to Dr. Rosenthall's assessment because "Dr. Rosenthall did not have access to a full longitudinal view of the medical evidence of record." The ALJ did not explain what evidence was generated after Dr. Rosenthall's review. The ALJ, however, did determine that the record as a whole, along with Scott's "subjective

allegations," would support greater limitations than Dr. Rosenthall found.[1] The ALJ added functional limitations and environmental restrictions without relying on any medical opinion to support that assessment.[2]

Therefore, based on the ALJ's explanation, the record was significantly incomplete when Dr. Rosenthall did his review and made his assessment in 2013. As a result, the ALJ could not rely on Dr. Rosenthall's assessment, and substantial evidence is lacking to support the ALJ's residual functional capacity assessment.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand (document no. 8) is granted.

The Acting Commissioner's motion to affirm (doc. no. 13) is denied.

---

[1] Although the ALJ also found that Dr. Rosenthall's assessment was "generally consistent with the record as a whole," that did not overcome the conclusion that the record supported greater limitations than Dr. Rosenthall found.

[2] An ALJ, as a lay person, is not qualified to interpret a medical record in functional terms. Gordils v. Sec'y of Health & Human Servs., 921 F.2d 327, 329 (1st Cir. 1990). Although an exception exists when the assessment may be based on common-sense judgments, the ALJ's explanation does not appear to show merely a common-sense judgment.

The decision of the Acting Commissioner is reversed, and the case is remanded pursuant to Sentence Four for further administrative proceedings.

SO ORDERED

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 11, 2018

cc: Hugh Dun Rappaport, Esq.
    D. Lance Tillinghast, Esq.